**UNITED STATES of America, Appellee**

v.

**Maritza ELLIS, Appellant.**

No. 04–3029.

United States Court of Appeals, District of Columbia Circuit.

May 25, 2005.

John Robert Fisher, Assistant U.S. Attorney, Mark H. Dubester, Assistant U.S. Attorney, Patricia Ann Heffernan, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney'S Office, Washington, DC, for Appellee.

Matthew Alan Wartel, Lowe, Carlo & Wartel, Alexandria, VA, for Appellant.

Before SENTELLE, RANDOLPH, and GARLAND, Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 36(b). For the reasons set forth in the attached memorandum, it is

ORDERED AND ADJUDGED that the sentence of the District Court appealed from in this case is hereby affirmed.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. See FED R.APP. P. 41(b); D.C. CIR. R. 41.

### MEMORANDUM

Appellant Maritza Ellis conducted a series of fraudulent residential real estate transactions from 1995 to 2002 in which she fraudulently obtained mortgages for her buyers by inflating the value of the properties she sold and falsifying the buyers' credit histories. Ellis participated in the sale of 28 properties involving Housing and Urban Development–Federal Housing Administration ("HUD–FHA") backed private lender mortgage financing. Four of these properties later went into default resulting in a foreclosure which caused a loss to the government. Another property went into foreclosure but its purchase yielded a gain for the government.

On September 3, 2002, Ellis pled guilty to one charge of multiple object mortgage fraud conspiracy pursuant to 18 U.S.C. § 371. Under her plea agreement she conceded that for the purposes of the Guidelines she would be held accountable for $200,000 to $350,000 in total losses. Using these figures in the U.S. Sentencing Guidelines calculations, Ellis was eligible for a sentence of 18–24 months. She was ultimately sentenced to 18 months in prison, a three-year term of supervised release, payment of $284,740 in restitution, and a $100 special assessment.

Ellis challenges her term of incarceration on two grounds, each of which she has waived. First, she attacks her sentence on the ground that the judge impermissibly increased it on the basis of a fact—the amount-of-loss determination—not found by the jury. In her plea agreement, however, she specifically agreed to the amount-of-loss determination. As the Supreme Court held in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the right to have a jury find a particular fact that is a prerequisite for a sentence does not apply when the fact is admitted by the defendant as was the loss determination in the instant case. Id. at 749. Ellis does not make a claim under Booker that the District Court plainly erred by treating the Guidelines as mandatory. Second, Ellis argues that the District Court erroneously calculated the amount of loss for which she was responsible, but she had also agreed to that amount.

Ellis's challenges to the restitution order also fail. Although she argues that the District Court erroneously included inter-

est that HUD–FHA paid to lenders whom Ellis fraudulently induced to make federally insured loans, the interest is properly part of HUD–FHA's loss. It had insured the loans against non-payment of both principal and interest, and thus had to pay both when the borrower failed to pay the lender. Ellis offers virtually no argument in support of her claim that the District Court erroneously included certain fees and costs. Finally, Ellis contends that the District Court should have offset the amount of loss by the government's gain from her forfeiture of one property and the proceeds of the sale of another. But because those two properties were not the same ones that caused the loss to the government charged in the indictment, requiring an off set would improperly allow Ellis to use the proceeds of a successful criminal venture to offset losses from an unsuccessful one.